UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br>LEONARD O. WALLACE and<br>PAMELA WALLACE, | Bankruptcy Case No. 11-21077-TLM |
| Debtors,<br>_____<br>LEORNARD O. WALLACE, | **MEMORANDUM DECISION AND ORDER** |
| Appellant, | |
| v. | Case No. 2:15-CV-0054-EJL |
| NORMAN HAYES and RODNEY<br>HAYES, et al., | |
| Appellees. | |

Pro Se Appellant Leonard O. Wallace ("Mr. Wallace") appeals the "Summary Order On 'Motion and Request for Court to Conduct Hearing, Examine Evidence, and Determine Bankruptcy Court Jurisdiction of Subject Matter" (Dkt. 1-2) and Order Denying Reconsideration of the Summary Order (Dkt. 1-3) entered by the United States Bankruptcy Court for the District of Idaho in 11-21077-TLM. Appellees and creditors Norman and Rodney Hayes (the "Hayes") have responded to the appeal (Dkt. 18) and Mr. Wallace has replied (Dkt. 20). The Hayes also filed a Motion to Dismiss the Appeal (Dkt. 6) and a Motion for Attorney Fees and Costs (Dkt. 7).

The Court has jurisdiction under 28 U.S.C. § 158 and affirms the Orders of the Bankruptcy Court.[1]

## BACKGROUND

The history of this case is outlined in the decision rejecting Mr. Wallace's former appeal, 2:14-cv-00229-EJL, as well as in countless decisions by the Bankruptcy Court, and will not be repeated here.[2] *See. e.g.*, (Dkt. 19-1, pp. 5-85.) In brief, Mr. Wallace and his wife filed the current bankruptcy case on August 15, 2011.[3] The Hayes filed a proof of claim in Mr. Wallace's bankruptcy case based on a judgment they obtained against Mr. Wallace in a 2003 arbitration.[4] The state court for Yellowstone County, Montana, confirmed the Arbitrator's award on May 21, 2004. (Dkt. 19-2, pp. 50-77.) The state court entered an Amended Judgment against Mr. Wallace on August 3, 2004 ("Amended Judgment"). (Dkt. 19-3, pp. 6-9.) The Amended Judgment was subsequently affirmed by the Montana Supreme Court. *Wallace v. Hayes*, 124 P.3d 110 (Mont. 2005). The

---

[1] Having reviewed and considered all the briefing of the parties, the Court concludes that oral argument is not necessary. Fed.R.Civ.Proc. 78; *Willis v. Pacific Maritime Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

[2] Unless otherwise reference, docket citations are to the record in this appeal, 2:15-cv-00054.

[3] Mr. Wallace's wife, Pamela R. Wallace, is not identified as an appellant on the Notice of Appeal, and has requested that past appeals be withdrawn. (2:14-cv-00229, Dkt. 11.) For ease of reference, and because Ms. Wallace does not appear to join in the instant appeal, the Court will refer to only Mr. Wallace as appellant.

[4] Mr. Wallace's Chapter 11 bankruptcy was converted to Chapter 7 on March 22, 2012. (Dkt. 19-1, p. 1.)

Amended Judgment was then assigned to the Hayes on December 17, 2007. (Dkt. 19-3, pp. 10-12.)

Mr. Wallace appealed the Montana trial court's decisions to the Montana Supreme Court six times. The trial court was affirmed on all six of those appeals. *Wallace v. Hayes*, 272 P. 3d 125, 2011 WL 4366899 (Mont. 2011). Undeterred by the Montana Supreme Court's numerous decisions against him, Mr. Wallace engaged in collateral attacks on the Amended Judgment, including an action initiated in the U.S. District Court for the District of Montana, in which he sought to set aside the Amended Judgment. (Dkt. 19-3, pp. 72-83.) The Montana District Court dismissed Mr. Wallace's lawsuit and entered sanctions against him. (*Id*.) In so holding, the court specifically found Mr. Wallace's challenges to the Amended Judgment were barred by the *Rooker-Feldman* doctrine, as well as by res judicata. (*Id*.)

Throughout the course of his bankruptcy case, Mr. Wallace has similarly filed multiple unsuccessful objections to the Hayes' proof of claim, as well as various other motions seeking disallowance of the Hayes' proof of claim. These objections were denied or overruled by the Bankruptcy Court. (Dkt. 19-1, pp. 1-66.) Mr. Wallace also initiated an adversary proceeding against the Hayes and their counsel alleging various crimes, many of which he invokes in the instant appeal. The adversary proceeding was dismissed and Mr. Wallace was sanctioned $17,100 by the Bankruptcy Court. (Dkt. 19-1, pp. 68-72.)

In repeatedly denying Mr. Wallace's objections to the Hayes' proof of claim, the Bankruptcy Court has held that Mr. Wallace lacked standing to object to the claim, that objection to the claim was barred by the *Rooker-Feldman* doctrine, that objection was

barred by the doctrine of claim preclusion (res judicata), that the Amended Judgment was entitled to full faith and credit, and that Mr. Wallace has failed to carry his burden of showing sufficient evidence to rebut the *prima facie* validity of the Hayes' claim. (*Id*., 1-85.) In addition, the Bankruptcy Court approved a compromise whereby the Chapter 7 Trustee released any and all claims against the Hayes related to the Montana litigation, and specifically allowed the Hayes' proof of claim. (Dkt. 19-4, pp. 3-19.) The Bankruptcy Court's order approving the compromise is a final order, and is the law of the case.

Mr. Wallace has also appealed decisions of the Bankruptcy Court to this Court on two prior occasions. In 2013, he appealed various orders regarding the Hayes' proof of claim, but then abandoned the appeal. *See generally*, *Wallace v. Hayes*, 13-cv-00238-EJL. Mr. Wallace initiated another appeal in 2014, again voicing his disagreement with the allowance of the Hayes' proof of claim when his motions for reconsideration were denied by the Bankruptcy Court. *See generally, Wallace v. Hayes*, 2:14-cv-00229-EJL. That appeal was rejected on December 8, 2014. (*Id*., Dkt. 20.) This Court determined the appeal was frivolous and awarded the Hayes' attorney fees. (*Id*., Dkt. 24.)

Unfazed, Mr. Wallace filed a "Motion and Request for Court to Conduct Hearing, Examine Evidence, and Determine Bankruptcy Court Jurisdiction of Subject Matter (Property Rights of Magtrac) for Arbitration Punitive Damages Award" (hereinafter "Mr. Wallace's Motion") before the Bankruptcy Court on January 14, 2015. (Dkt. 19-5, p. 1-12.) Mr. Wallace's Motion sought the same relief on the same grounds repeatedly rejected by every court that has heard him. (*Id*., 15-19.) The Bankruptcy Court denied

Mr. Wallace's Motion and subsequently denied Mr. Wallace's request for reconsideration. (*Id*., pp. 15-19, 27.) Mr. Wallace thereafter filed the instant appeal.

## STANDARD OF REVIEW

The Bankruptcy Court's orders denying Mr. Wallace's Motion and denying reconsideration of the aforementioned order are the subject of the instant appeal. When reviewing a bankruptcy court's decision, a district court functions as an appellate court and applies the standard of review generally applied in federal court appeals." *In re Crystal Properties, Ltd*., 268 F.3d 743, 755 (9th Cir. 2001). Denial of motions under Federal Rule of Civil Procedure 59 and Federal Rule of Civil Procedure 60 are reviewed for abuse of discretion. *Carter v. U.S.*, 973 F.2d 1479, 1488 (9th Cir. 1992) (citing *Fiester v. Turner*, 783 F.2d 1474, 1475-76 (9th Cir. 1986)). A court abuses its discretion when it "rests its conclusions on clearly erroneous factual findings or on incorrect legal standards." *Quackenbush v. Allstate Ins. Co*. 121 F.3d 1372, 1377 (9th Cir. 1997). The district court may affirm the decision of the bankruptcy court on any basis that finds support in the record. *In re Crystal Properties*, 268 F.3d at 755.

## DISCUSSION

Mr. Wallace's briefing does not address the reasons the Bankruptcy Court denied his motions, nor explain why the Bankruptcy Court's orders were in error. Instead, Mr. Wallace here seeks essentially the same relief on the same grounds previously rejected by this Court in 2:14-cv-00229, and repeatedly rejected by the Bankruptcy Court in both Mr. Wallace's bankruptcy proceeding, 11-21077-TLM, and in his adversary proceeding against the Hayes and others, Adv. Proc. 12-07035-TLM. The Court need not repeat this

analysis here.  Moreover, Mr. Wallace's Appellant Brief identifies nine issues for appeal, but each of the nine issues concern Mr. Wallace's previously litigated challenges to the Amended Judgment. None of these issues are properly before this Court.

Where, as here, a party fails to properly assign error, the appellate court cannot review the issue. *See, e.g., Watec Co., Ltd. v. Liu*, 403 F.3d 645, 649 (9th Cir. 2005) (Appellants waived their right to seek review of trial court's denial of their first judgment as a matter of law by failing to argue it as a specific assignment of error in their opening brief); *Laboa v. Calderon*, 224 F.3d 972, 980 n. 6 (9th Cir. 2000) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief). The instant appeal bears no relation to the Bankruptcy Court's denial of Mr. Wallace's motion, and instead represents yet another attempt by Mr. Wallace to challenge the Amended Judgment based on alleged fraud. Once again, the Court must reject Mr. Wallace's attempt to re-litigate his fraud theory. This theory has been considered and repeatedly rejected by the Montana Supreme Court, the Bankruptcy Court, and by the Montana federal court.  (Dkt. 19-1, pp. 1-85; Dkt. 19-2, pp. 50-77; Dkt. 19-3, pp. 1-3, 72-83); *see also Wallace v. Hayes*, 272 P.3d 125, 2011 WL 4366899 (Mont. 2011). The Court finds Mr. Wallace's appeal is frivolous[5] and affirms both the Bankruptcy Court's denial of Mr. Wallace's Motion (Dkt. 1-2) and the Bankruptcy Court's denial of reconsideration (Dkt. 1-3.)

---

[5] "An appeal is frivolous when the result is obvious or the appellant's arguments are wholly without merit." *In re Presidential Corp.*, 180 B.R. 233, 240 (B.A.P. 9th Cir. 1995).

The Hayes are entitled to their attorney fees and costs associated with responding to Mr. Wallace's frivolous appeal. *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981). The Hayes are directed to submit an affidavit showing the attorney fees and costs incurred so that the Court may determine the amount of the award.

## ORDER

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's January 21, 2015 Order denying Mr. Wallace's Motion (Dkt. 1-2) in its entirety.  The Bankruptcy Court's February 2, 2015 Order denying reconsideration (Dkt. 1-3) is also **AFFIRMED** in its entirety.

Mr. Wallace's Request for Order and Tolling of Applicable Due Dates (Dkt. 4) is, given the Court's finding affirming the Bankruptcy Court, **DENIED**;

The Hayes' Motion to Dismiss Appeal (Dkt. 6) is **MOOT**;

The Hayes' Motion for Attorney Fees and Costs (Dkt. 7) is **GRANTED**. The Hayes are directed to submit an affidavit showing their attorney fees and costs so that the Court may determine the appropriate amount of the award.

DATED: September 21, 2015

Edward J. Lodge
United States District Judge